UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BENITO SUAREZ PEREZ, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:13-cv-1327-APG-NJK |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) | |
| | ) | |
| Defendant(s). | ) | |

Pending before the Court is the further order for Plaintiff and Plaintiff's counsel to show cause, issued October 1, 2013, why they should not be sanctioned up to and including dismissal of Plaintiff's claims, pursuant to Rule 16(f), Rule 41(b), and Local Rule IA 4-1. Docket No. 19. The response to the further order to show cause was due no later than October 8, 2013. No such response was filed. For the reasons discussed more fully below, the Court hereby **RECOMMENDS** that Plaintiff's claims be **DISMISSED** without prejudice.

I. BACKGROUND

Defendant filed a motion to dismiss on July 30, 2013. Docket No. 5. The Rule 26(f)[1] conference was required to be held within 30 days thereafter. *See* Local Rule 26-1(d) ("Counsel for plaintiff shall initiate the scheduling of the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

the first defendant answers *or otherwise appears*" (emphasis added)).  The stipulated discovery plan was due 14 days after the Rule 26(f) conference.  *See* Local Rule 26-1(d) ("Fourteen (14) days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties shall submit a stipulated discovery plan and scheduling order").  Accordingly, the stipulated discovery plan was due no later than September 13, 2013.

Because a discovery plan was not timely filed, on September 20, 2013, the Court issued an order to show cause requiring the parties to either show cause in writing why they failed to comply with the Local Rules or submit a proposed joint discovery plan, by September 27, 2013.  Docket No. 17.  Although Defendant filed a proposed discovery plan individually, *see* Docket No. 18, Plaintiff failed to respond in any way to the order to show cause.  Moreover, Defendant indicates that Plaintiff's counsel failed to respond to its correspondence regarding the discovery plan and that no Rule 26(f) meeting has occurred.  *See* Docket No. 18 at 1 & n.1.

As a result, the Court issued a further order to show cause why Plaintiff and Plaintiff's counsel should not be sanctioned, up to and including dismissal of Plaintiff's claims.  Docket No. 19.  Plaintiff and Plaintiff's counsel were required to respond to the further order to show cause no later than October 8, 2013.  *Id.*  The Court expressly cautioned that "[f]ailure to respond to this order to show cause will result in a recommendation of dismissal." *Id.* at 2.  Despite that warning, Plaintiff and Plaintiff's counsel disobeyed the Court's order by failing to file a response to the further order to show cause.

At the same time the Court issued the further order to show cause, it also issued an order requiring Plaintiff's counsel to contact Defendant's counsel no later than October 4, 2013 to discuss the discovery plan so that the parties could submit a joint proposed discovery plan no later than October 7, 2013.  *See* Docket No. 20.  Defendant's counsel has now filed a notice indicating that "their office has not been able to contact counsel for plaintiff, and has not received any contact from counsel for plaintiff regarding a joint discovery plan or the orders to show cause."  Docket No. 21.

**II.    ANALYSIS**

As discussed in the previous section, Plaintiff and Plaintiff's counsel have (1) disobeyed the Court's order to show cause (Docket No. 17) by neither responding nor submitting a proposed

discovery plan; (2) disobeyed the Court's further order to show cause (Docket No. 19) by not responding; (3) disobeyed the Court's order that Plaintiff's counsel must contact opposing counsel regarding the preparation and filing of a stipulated discovery plan; (4) violated Rule 26(f) and Local Rule 26-1(d) by failing to timely initiate the Rule 26(f) conference; and (5) violated Local Rule 26-1(d) by failing to submit a stipulated discovery plan and scheduling order.

The willful failure of Plaintiff and Plaintiff's counsel to comply with the Court's orders and rules is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has wilfully refused to comply with multiple court Orders and the Local Rules despite the explicit warning that dismissal may result (Docket No. 19).

Accordingly, **IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** without prejudice.

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: October 9, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge